**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 06 CR 451-7** |
| | ) | |
| **SEAN WINN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

In 2007, Sean Winn pled guilty to conspiracy to possess heroin with intent to

distribute. The Court initially imposed a 169-month prison sentence. In November

2023, Winn moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) (his

second such motion). He supplemented the motion with various other filings in 2024.

In March 2025, Winn requested various documents related to his case. For the reasons

below, the Court denies Winn's motion(s) for sentence reduction but strongly urges the

Bureau of Prisons to review his facility assignment to ensure he is housed in a care

level 2 facility, consistent with his medical needs. The Court also directs the Clerk to

send to the warden of the prison where Winn is incarcerated a copy of his sentencing

transcript (dkt. no. 1172-1), judgment and commitment order (dkt. no. 882), and plea

agreement (dkt. no. 508), so that Winn may review these documents on request.

**Background**

Sean Winn was a member of the Mickey Cobras street gang and actively

participated in the distribution of heroin in Chicago's Dearborn Homes housing projects on the south side of Chicago.  In 2007, Winn pled guilty to a charge of conspiracy to possess heroin with intent to distribute.  His sentencing was deferred pending the trial of his co-defendants, and the Court released him on home detention and electronic monitoring.  While on bond, Winn was charged in state court with committing three armed robberies and one aggravated vehicular hijacking.

At sentencing, the Court calculated an advisory Sentencing Guidelines range of 360 months to life, based on a criminal history category of II and an adjusted offense level of forty-one.  The Court imposed a below-guidelines sentence of 169 months imprisonment.

In 2012 and 2014, Winn pled guilty to armed robbery and armed vehicular hijacking charges in state court.  He was sentenced to prison terms totaling twenty-six years.  The state court judge expressly determined that Winn's state sentence should run consecutively with his federal sentence.  In 2021, Winn completed his state prison term and was transferred to the federal Bureau of Prisons.

In early 2022, Winn moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on amendments to the Sentencing Guidelines that (if applied to him) would reduce his offense level.  Winn also cited his health conditions and the increased risk he faced if infected with coronavirus.  Finally, Winn argued that his sentence was generally excessive because he had to serve a state prison term for other offenses before starting his federal sentence, and he has been rehabilitated.  The Court denied Winn's motion.  Dkt. no. 1174 at 1.  The Court stated that, even under the amended Sentencing Guidelines, Winn's appliable advisory guidelines range would be

2

292 to 365 months. *Id.* Winn was not entitled to a sentence reduction because his 169-month sentence was well below the new advisory guidelines range of 292 to 365 months. Under U.S.S.G. § 1B10.2(b)(2)(A), a sentence reduction under section 3582(c)(2) is precluded if it would go below the newly-applicable guidelines range. *Id.* The Court also stated that Winn did not show that the coronavirus vaccine was unavailable to him or that he would not benefit from it. *Id.* Finally, the Court stated that there was no basis in the record to say that the state court judge's determination that Winn's sentences should run consecutively was unusual or unjustified such that it amounted to an extraordinary circumstance. *Id.* The Seventh Circuit affirmed the Court's decision. *United States v. Winn*, No. 22-2452, 2023 WL 2064156 (7th Cir. Feb. 17, 2023).

## Discussion

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, permits federal prisoners like Winn to request a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) allows a sentence reduction when warranted by "extraordinary and compelling reasons" and consistent with relevant policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021). The Seventh Circuit has prescribed a two-step analysis for district courts. First, "the prisoner must identify an 'extraordinary and compelling' reason warranting a sentence reduction." *Thacker*, 4 F.4th at 576. Second, "[u]pon a finding that the prisoner has supplied such a reason," a court "consider[s] any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *Id.*

3

A court considers the reasons for a sentence reduction both "individually and collectively." *United States v. Vaughn*, 62 F.4th 1071, 1073 (7th Cir. 2023). A reason that is independently insufficient may, as part of "a combination of factors," establish extraordinary and compelling circumstances. *Id.* Congress delegated to the Commission the power to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). Congress specified only that "[r]ehabilitation of the defendant alone" may not be an extraordinary and compelling reason. *Id.*

Section 3582(c)(1)(A) has an administrative exhaustion requirement, and the government does not dispute that Winn has satisfied it.

## A.    Medical condition

Winn contends that his medical condition is an extraordinary and compelling circumstance requiring a sentence reduction under U.S.S.G. § 1B1.13(b)(1). In section 1B1.13(b)(1), the Sentencing Commission stated that extraordinary and compelling reasons exist if:

> The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

U.S.S.G. § 1B1.13(b)(1).

Winn argues that this guideline applies to him because he suffers from diabetes, high blood pressure, an enlarged heart, asthma, and fluid on his legs. He asserts that he was sent to an outside hospital three times due to lack of care within the institution, twice while at FCI Pekin and once while at FCI Oxford. During one of these hospital

4

visits, Winn required care in the intensive care unit for several days. The government responds that Winn has had regular access to a doctor and has been prescribed medication to treat his health conditions. The government goes on to argue that Winn has caused any risk of serious deterioration in his health by refusing to take the medication prescribed to him. The Court notes that as of the date of this opinion, the BOP website reflects that he is currently incarcerated at FCI Ashland.

Winn's medical records reflect that he has refused to take insulin, but doctors have counseled him about alternative medications available for treatment of diabetes and have counseled him regarding weight loss. Gov't's Resp., Ex. A at 2, 10, 25, 38. He also has daily glucose checks with a nurse when he receives his medication. *See, e.g., id.* at 49, 55. At times, Winn has not reported for these checks, but the nurse has called his housing unit to ensure he would receive his medication and check his glucose levels. *Id.*

Based on the record before the Court, Winn has not provided evidence supporting the conclusion that his medical conditions cannot be managed by the BOP if he takes his prescribed medication. *See United States v. Cancino*, 669 F. Supp. 3d 715, 718 (N.D. Ill. 2023) (holding that inmate's medical conditions, including diabetes, high blood pressure, chronic kidney disease, vision impairment and symptoms related to past coronavirus infections, could be managed in a prison environment and thus did not constitute extraordinary and compelling circumstances). The Court concludes that Winn's medical condition does not present extraordinary or compelling circumstances that warrant a sentence reduction.

Still, the Court recognizes that Winn's medical conditions are serious and require

5

ongoing medical care. At the time of the motion, Winn argued that he is a care level 2 inmate under BOP's classifications but was housed at FCI Oxford, which is a care level 1 institution. The government did not argue otherwise. In addition, Winn reported that he was housed in a cell without a toilet or sink but must urinate often because of his medication. The government argued that the cells are only locked during the inmate check and remain unlocked the remainder of the time. The Court strongly urges the BOP to review Winn's placement to ensure he is housed in a care level 2 facility, consistent with his medical needs. The Court notes that as of the date of this decision, Winn is incarcerated at FCI Ashland; the Court does not know the care level classification of that institution.

**B.      Change in the law**

Winn also argues that a sentence reduction is appropriate under U.S.S.G. § 1B1.13(b)(6) because his sentence is unusually long. He bases this argument on the length of his incarceration—almost two decades, since he was a juvenile—and the fact that his state and federal sentences were consecutive. In section 1B1.13(b)(6), the Sentencing Commission stated that extraordinary and compelling reasons exist if:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Winn does not point to any change in the law that would alter his sentence, much

6

less any change in the law that would produce a gross disparity between the sentence he is serving and the sentence that would be imposed if he were sentenced today.  Rather, the argument in his current motion is the same argument that he advanced in his previous motion for a sentence reduction.  In deciding that motion, the Court found that this circumstance was not an extraordinary and compelling reason warranting a sentence reduction because it was up to the state court judge whether, and to what extent, to make the sentence for the very serious crimes Winn committed consecutive to his federal sentence.  Dkt. no. 1174 at 1.  There was no basis in the record before the Court to say that the state court's judge's determination on the issue was unusual or unjustified such that it amounted to an extraordinary or compelling circumstance.  *Id.*  Since the Court issued that ruling, there has been no change in the record regarding any of these points.  The Court concludes that Winn has not shown any extraordinary and compelling circumstances for a sentence reduction based on a change in the law.

## C.    Acceptance of responsibility, age and rehabilitation

Winn makes several additional arguments for a sentence reduction.  These arguments broadly ask for relief without a basis tied to section 3582(c)(1)(A) or any other law.  The Court will nonetheless briefly address these arguments here.

In an additional motion filed on February 9, 2024, Winn argues that he was a juvenile when he committed his crimes, and he asks the Court to consider his age as a basis for relief.  But the Court expressly took this into account when it first sentenced Winn and imposed a sentence significantly below the advisory guidelines range.  At sentencing, the Court started by stating that "one of the really important factors that I've

7

got here is that — and I know in our society people think that 21-year-olds are adults. I have a kid in front of me today."  Sentencing transcript, dkt. no. 1172-1 at 28.  The Court went on to state that when "Mr. Winn was doing the things that he was charged with in this case from 2003, November of 2003 to February of 2006, he wasn't even 16 when it started . . . .  He had just turned 18 when he stopped.  So I'm dealing with somebody who, by anybody's definition, was a kid when he was doing this."  *Id.* at 29.  The Court concluded by stating, "a sentence of 169 months, which if I'm doing my math correctly is 14 years plus a month, I think is amply sufficient for a 21-year-old kid who committed the crimes from ages 16 to 19."  *Id.* at 33.  In short, the Court already expressly considered Winn's age when determining that a below-guidelines sentence of 169 months was appropriate for his crimes.  The Court sees no basis for a further reduction at the present time based on this same factor.

Winn also argues, in a motion filed on April 12, 2024, that he should receive a three-point offense level reduction for acceptance of responsibility.  Winn contends that he was not given the reduction at the time of sentencing based on his open state charges, but he should now receive the reduction because the sentences did not run concurrently.  Winn appears to base this argument on the U.S.S.G. § 1B1.13(b)(6), but his contention is not tied to any change in the law.  Instead, this amounts to another challenge arising from the state court's decision to impose a consecutive sentence.  The Court has already determined that this is not a basis for a sentence reduction under section 3582(c)(1).

The Court also notes that even if Winn got a three-level reduction, the sentence the Court imposed would still fall well below the resulting advisory guidelines range.  At

8

sentencing, the Court determined that Winn's advisory guidelines range was 360 months to life imprisonment based on an offense level of forty-one and criminal history category II. Based on the more recent guidelines related to crack cocaine offenses, Winn's base offense level would be thirty-four, but all other enhancements would still apply, resulting in an offense level of thirty-nine. The revised advisory sentencing range would be 292 to 365 months. *Winn*, 2023 WL 2064156 at *1. If Winn then received a three-point reduction for acceptance of responsibility, his offense level would be thirty-six, and his revised advisory guidelines range would be 210 to 262 months. The Court's sentence of 169 months' imprisonment is still forty-one months, or almost three and a half years, below the low end of that advisory guidelines range.

Finally, Winn argues that he has made significant efforts towards his rehabilitation. The Court acknowledges Winn's positive efforts in this regard. But Seventh Circuit has repeatedly stated that "one's efforts at rehabilitation—however commendable—are not generally extraordinary and compelling." *United States v. Penn*, No. 22-1873, 2023 WL 1776197, at *1 (7th Cir. Feb. 6, 2023). The Court does not consider this factor, either alone or in combination with Winn's other points, as a basis for a sentence reduction under section 3582(c)(1).

## D. Request for documents

Winn has also requested a copy of his sentencing transcript, statement of reason, judgment and commitment and plea agreement. The Court will direct the Clerk to send a copy of the requested documents to the warden of the institution where Winn is incarcerated so that Winn may review them upon request.

9

## Conclusion

For the foregoing reasons, the Court denies Sean Winn's motions for a sentence reduction [dkt. nos. 1221, 1230, 1231, 1232, 1234]. Based on Winn's medical needs, the Court strongly urges the Bureau of Prisons to review his facility placement to ensure that he is housed in a care level 2 facility. The Court grants Winn's motion for documentation [dkt. no. 1245] to the following extent: the Clerk is directed to mail a copy of Winn's sentencing transcript (dkt. no. 1172-1), judgment and commitment order (dkt. no. 882), and plea agreement (dkt. no. 508) to the warden of the institution where Winn is incarcerated, at the following address: Warden; FCI Ashland; P.O. Box 888; Ashland, KY 41105. This will permit Winn to review the documents upon request. The Clerk is also directed to mail a copy of this Memorandum Opinion and Order to: Sean Winn; No. 19025-424; FCI Ashland, P.O. Box 6001, Ashland, KY 41105.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 5, 2025